[Cite as *State v. Gaston*, 2019-Ohio-4611.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Court of Appeals No. L-18-1150

    Appellee

Trial Court No. CR0201702084

v.

James L. Gaston

**DECISION AND JUDGMENT**

    Appellant

Decided: November 8, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a June 1, 2018 judgment of the Lucas County Court

of Common Pleas, denying appellant's April 23, 2018 Crim.R. 32.1 motion to withdraw

appellant's negotiated guilty plea, entered on January 8, 2018, to one count of burglary,

in violation of R.C. 2911.11, a felony of the second degree, as amended from a felony of

the first degree. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} In exchange for the plea, appellee dismissed the remaining offenses pending against appellant, including one count of grand theft with a firearm specification, in violation of R.C. 2913.02, a felony of the third degree, and one count of domestic violence, in violation of R.C. 2919.25(A), as enhanced to a felony of the fourth degree based upon appellant's past convictions.

{¶ 3} The case was scheduled for sentencing on February 27, 2018. It was continued at appellant's request. On March 13, 2018, the trial court granted appellant's motion for a copy of the change of plea transcript. On April 23, 2018, approximately four months after the voluntary plea was entered, appellant filed the underlying Crim.R. 32.1 motion to withdraw the January 8, 2018 plea.

{¶ 4} The substantive basis presented in support of the motion constituted a change-of- heart, rooted in appellant's concern that he may face incarceration given that he was on community control at the time the instant offenses occurred. On April 25, 2018, appellee filed a memorandum in opposition.

{¶ 5} On June 1, 2018, the trial court conducted an evidentiary hearing on the contested motion to withdraw the plea to the amended, lesser offense. The motion hearing transcripts reflect that the motion was fundamentally driven by appellant's perception that he would not be assured community control, as was being recommended, versus incarceration.

2.

{¶ 6} Counsel for appellee stated in opposition to the motion, "[I]n this particular case, it's just a change of heart with respect to the idea that [appellant] may end up in jail. The victim has expressed * * * that she does not wish him to go to prison." The court further noted that, "[Appellant] was on community control. He had previously been sent to the penitentiary, was released * * * [appellant committed] a community control violation that was unrelated to any of these matters * * * [appellant] has a rather lengthy criminal history." In addition, the court referenced appellant's numerous positive drug screens while on community control. The trial court denied appellant's motion to withdraw.

{¶ 7} Subsequently, the victim presented a lengthy, largely disjointed statement on appellant's behalf. The motivation driving the statement advocating on appellant's behalf can most clearly be discerned by the victim's lamentation that if appellant were to be incarcerated, the victim would lose support from appellant. Appellant provides support to the victim as the parties have a minor daughter together.

{¶ 8} This underlying motivation is reflected when the victim conveys, "I'm here to try to do *whatever I need to do* because I need the help." (Emphasis added). The victim concluded, "I don't feel like he deserves any prison time or anything like that. At the most, maybe, like a house arrest or something like that to where I can still have that support that I need."

{¶ 9} Due to the victim's statement on appellant's behalf, during which the victim changed course on some of her prior representations of the events, while simultaneously

3.

conceding her motivation was driven by her desire to not lose support from appellant were he to be incarcerated, the trial court ultimately determined that these unique circumstances required a reconsideration of the denial of the motion to withdraw.

{¶ 10} The trial court determined, "I'm going to reconsider the motion * * * [given] the question of whether or not the accused is, perhaps, not guilty or had a complete defense."

{¶ 11} Upon reconsideration of the motion, undertaken in the context of abundant evidence before the court which implicated appellant, but also a subsequent partial recanting by the victim suggesting that appellant had permission to be present in her home during the incident, the trial court identified the key determination to be, "So the question in this case would turn to whether or not the evidence before the court suggests that the [arguable] privilege was revoked [by the victim]."

{¶ 12} The court noted that appellant did not reside at the residence and that the parties were estranged. In addition, appellant retained a key to the residence that the victim mistakenly thought she had surreptitiously recovered from appellant at the onset of their recent estrangement.

{¶ 13} The court emphasized that at some point after the victim was awoken and confronted by appellant in her bedroom during the middle of the night, the victim, "went for her gun," to protect herself from appellant. The trial court reasoned that this action clearly constituted revocation of any arguable implied permission or consent for appellant to be present in the victim's residence.

4.

{¶ 14} Accordingly, in the context of these particular facts and circumstances, the trial court concluded, "[A]lthough there's some evidence that would help [appellant] at trial, *it does not establish that he is not guilty or has a complete defense to charge of burglary* to which he's entered his plea." (Emphasis added). As such, the trial court then held, "I reaffirm my denial of the motion to withdraw the plea."

{¶ 15} Given the denial of the motion and affirmation of the prior plea, the trial court proceeded to sentencing. Appellant was sentenced to a five-year term of community control, with a suspended term of eight-year incarceration. This appeal ensued.

{¶ 16} Appellant, James Gaston, sets forth the following assignment of error:

The trial court abused its discretion in denying Appellant's motion to withdraw his plea prior to sentencing.

{¶ 17} The following facts are relevant to this appeal. On June 21, 2017, at approximately 2:45 a.m., the Toledo Police Department received an emergency call regarding shots fired at a home in North Toledo.

{¶ 18} Upon arrival at the scene, the responding officers were met by the victim, who has a minor child with appellant. Appellant and the victim are not married, did not reside together, and were estranged at the time of these events.

{¶ 19} Shortly after the incident, while the victim was still in an excited state, the victim told the officers that appellant had entered her home without her knowledge in the middle of the night, confronted her with a knife, physically assaulted her, took possession

5.

of the victim's gun that she kept in her residence, fired the weapon inside the residence where their child was asleep, and then fled the scene.

{¶ 20} The 9 mm shell casing fired by appellant was recovered by the investigating officers. The victim secured her child, left the residence, and called for emergency assistance.

{¶ 21} Shortly thereafter, appellant walked into the Toledo Police headquarters building downtown and falsely maintained that the victim had just entered his residence and assaulted him. Appellant was on community control for prior felony convictions at the time of these events.

{¶ 22} On June 27, 2017, appellant was indicted on one count of aggravated burglary with a firearm specification, in violation of R.C. 2911.11, a felony of the first degree, one count of grand theft with a firearm specification, in violation of R.C. 2913.02, a felony of the third degree, and one count of domestic violence, in violation of R.C. 2919.25, as enhanced to a felony of the fourth degree based upon appellant's prior convictions.

{¶ 23} On January 8, 2018, appellant entered a voluntary plea of guilty to one amended count of burglary, in violation of R.C. 2911.11, a felony of the second degree. In exchange, the two remaining felony offenses were dismissed. On April 23, 2018, appellant filed a Crim.R. 32.1 motion to withdraw the guilty plea prior to sentencing.

6.

{¶ 24} On June 1, 2018, the trial court conducted an extensive evidentiary hearing, denied the motion, and sentenced appellant to a five-year term of community control. This appeal ensued.

{¶ 25} In the sole assignment of error, appellant asserts that the trial court abused its discretion in the denial of appellant's Crim.R. 32.1 motion to withdraw the negotiated, voluntary plea. We do not concur.

{¶ 26} Pursuant to Crim.R. 32.1, a motion to withdraw a plea of guilty or no contest may be submitted before the sentence is imposed. Courts uniformly hold that the decision to grant or deny such motions lies squarely within the sound discretion of the trial court. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992).

{¶ 27} In the course of resolving such motions, the trial court conducts a hearing in order to ascertain whether there is a reasonable and legitimate basis in support of the contested motion to withdraw the plea. *Xie* at paragraph one of the syllabus.

{¶ 28} In conjunction with the above, it is well-established that a disputed denial of a Crim.R. 32.1 motion cannot be reversed absent demonstration that it was an abuse of discretion. *Id*. at paragraph two of the syllabus. In addition, there is no absolute right to withdraw a plea prior to sentencing. *Id*. at paragraph one of the syllabus.

{¶ 29} An abuse of discretion requires demonstrating that the disputed trial court determination was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

7.

{¶ 30} Lastly, the factors for review by the appellate court in reaching a determination on the propriety of a trial court denial of a motion to withdraw the plea includes whether the prosecution would be prejudiced by the plea being vacated, whether appellant was represented by competent counsel, whether the trial court properly conducted the Crim.R. 11 change of plea hearing, whether a full hearing on the motion was conducted, whether the motion was made within a reasonable timeframe, whether the motion set forth specific reasons in support of the request, whether appellant understood the charges and potential penalties, and whether the record shows that appellant had a complete defense to the crime. *State v. Craighead*, 6th Dist. Lucas No. L-11-1172, 2012-Ohio-3109, ¶ 11.

{¶ 31} In applying controlling legal standards to the instant case, we note that the record of evidence reflects that appellant's Crim.R. 32.1 motion to withdraw was prefaced upon appellant's assertion that although he initially believed the voluntary plea was the best, "hope of resolving a difficult situation," appellant subsequently perceived that he could establish a complete defense to the crime in light of the victim's above-described statement on appellant's behalf.

{¶ 32} Accordingly, our review of this matter focuses upon consideration of whether the record reflects that appellant demonstrated a complete defense to the offense.

{¶ 33} Appellant's position is rooted in the fact that he utilized a key, previously given to appellant by the victim given that they have a child together, for entry into the

8.

victim's home. However, an examination of the record of evidence refutes appellant's position.

{¶ 34} The record reflects that although the victim had previously given appellant the key, the victim had surreptitiously removed a key from appellant's key ring following their estrangement believing it to be the key to her home. Stated differently, the victim took proactive steps to repossess her house key from appellant, thereby reflecting her intent that appellant no longer have access to her residence.

{¶ 35} The victim attempted to do this without appellant's knowledge due to worsening conflict that had arisen between the parties. However, the victim mistakenly removed the wrong key. Unbeknownst to the victim, appellant retained possession of the key to the victim's residence.

{¶ 36} The record reflects that appellant entered the victim's home in the middle of the night without in any way notifying her of his intent to enter the residence or providing her an opportunity to object.

{¶ 37} The record further reflects that upon entering the home in the middle of the night armed with a knife, appellant entered the victim's bedroom, and confronted the victim and her overnight adult guest with a knife. In response to the threat posed, the victim attempted to get ahold of a gun that she maintained in the residence.

{¶ 38} Appellant struggled with the victim and forcibly took possession of her gun, shot the gun off inside the residence, and fled the scene. As discussed above, any arguable privilege that appellant had to enter the residence, which is far from convincing,

9.

was revoked when the victim felt so threatened by appellant's presence that she went for her gun to protect herself from appellant.

{¶ 39} Appellant has not demonstrated, and the record does not reflect, that these circumstances constitute a complete defense so as to negate appellant's culpability for his otherwise criminal actions.

{¶ 40} Based upon the foregoing, we find that the trial court's denial of appellant's Crim.R. 32.1 motion to withdraw the plea was not unreasonable, arbitrary or unconscionable.

{¶ 41} Wherefore, appellant's assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

Gene A. Zmuda, J.,
DISSENTS.

**ZMUDA, J., dissenting:**

{¶ 42} I find that the trial court abused its discretion when it denied appellant's presentence motion to withdraw his plea. Because the majority concludes otherwise, I must respectfully dissent.

{¶ 43} It is axiomatic that presentence motions to withdraw are to be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). In evaluating a defendant's presentence motion to withdraw his or her plea, Ohio courts consider several factors. As relevant here, one of the factors to be considered by the trial court is whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Richey*, 6th Dist. Sandusky No. S-09-028, 2011-Ohio-280, ¶ 43. "When

a defendant claims he is innocent and wishes to withdraw his plea of guilt prior to sentencing, a comparison of the interests and potential prejudice to the respective parties weigh heavily in the interests of the accused." *State v. Hartman*, 6th Dist. Huron No. H-17-014, 2018-Ohio-4452, ¶ 29.

{¶ 44} Here, the trial court rejected appellant's presentence motion to withdraw his plea based upon its finding that the exculpatory evidence offered by appellant did not *establish* his innocence. Indeed, the trial court acknowledged that "there's some evidence that would help Mr. Gaston at trial," but nonetheless found that the evidence "does not establish that he is not guilty or has a complete defense to the charge of burglary."

{¶ 45} In essence, the trial court rejected appellant's motion because it found that appellant had not proven his innocence. However, appellant is not required to prove his innocence in order to withdraw his plea prior to sentencing. Rather, the trial court must consider whether appellant is *perhaps* not guilty or has a complete defense.

{¶ 46} In this case, the victim acknowledged during the hearing that appellant "didn't break in. * * * I gave him a key, he did not break in. So he had a key but I forgot about it." The court then asked the victim whether appellant had her permission to enter the residence, and the victim responded in the affirmative. The victim explained that she tried to remove the key from appellant's key ring without his knowledge. Moreover, the victim denied that appellant brought a knife into the bedroom, and stated that "[t]he knife part is not true." As to the firearm, the victim stated that "[t]here was a tussle over the

12.

gun. Basically, before I could get to it – it was me trying to get to it before he could get to it."

{¶ 47} In responding to the victim's statement, appellant maintained that he was innocent of the charges that he was facing. Specifically, appellant stated:

I went for – like, I would have got shot, my life was in danger. I was never told that I – like she [says], I was never told that I couldn't come there, you know, the key was on the ring. As I had been using it, I used it. You know, I never broke into no home or never had a knife at her bedside or anything like that, like she said. When the tussle went down over the gun I feared for my life.

{¶ 48} Appellant's claim of innocence, paired with the statements provided to the court by the victim, cast legitimate doubt as to whether appellant (1) knowingly trespassed when he entered the victim's residence with a key, and (2) entered into the residence with the purpose to commit a criminal offense therein. On this record, I find that appellant has demonstrated that he is *perhaps* not guilty or has a complete defense to the burglary charge.

{¶ 49} It must be stressed that appellant does not need to affirmatively *prove* that he is innocent at this juncture. Whether appellant's claim of innocence will actually prevail is a consideration for the trier of fact at the trial. The trial court went beyond the appropriate level of scrutiny in this case by requiring appellant to prove that he was innocent as a prerequisite to granting the motion to withdraw the plea. Because the trial

13.

court relied upon this erroneous standard in denying appellant's motion to withdraw his plea, I find that the trial court's decision was unreasonable and thus an abuse its discretion. Therefore, I would reverse.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.